**Canda Joy KING, Respondent,**

**v.**

**Jeffrey Traviss KING, Appellant.**

**WD 80192**

Missouri Court of Appeals,
Western District.

OPINION FILED: October 10, 2017

Application for Transfer to Supreme Court Denied November 16, 2017

Allen Russell, Kansas City, MO, Counsel for Appellant.

R. Gregory Harrison, Liberty, MO, Counsel for Respondent.

Before Division Three: Alok Ahuja, P.J., Thomas H. Newton, and Cynthia L. Martin, JJ.

Thomas H. Newton, Judge

Mr. Jeffrey Traviss King appeals a Clay County Circuit Court judgment granting both him and his ex-wife joint legal and joint physical custody of the parties' minor children, designating the Mother's address as the children's address for mailing and educational purposes, and granting the parties a joint parenting schedule.

Mr. and Ms. King were married on April 11, 2009, in Jackson County, Missouri. The parties owned a home together in the North Kansas City school district. During the marriage, the couple had two children. The parties separated in March 2015 and Ms. King filed for divorce on May 20, 2015. When the couple separated, Ms. King moved into a new residence and the couple devised a parenting schedule. Mr. King had the children on Mondays and Tuesdays, Ms. King took the children on Wednesdays and Thursdays, and the parties alternated weekends.

At trial, the parties submitted their proposed parenting plans. Ms. King presented a plan for joint legal and physical custody. Her proposed plan for Mr. King included one evening a week from 5:30 p.m. to 8:00 p.m., and alternating weekends from Friday at 5:30 p.m. to Monday at 8:00 a.m. Mr. King's parenting plan provided for joint physical and legal custody. Mr. King proposed that the children have parenting time with Ms. King on alternate weekends from Friday at 6:00 p.m. until Monday at 8:00 a.m., and an overnight visitation every Wednesday from after school until 8:00

**Appeal from the Circuit Court of Clay County, Missouri, Honorable David Paul Chamberlain, Judge**

a.m. on Thursday. Both parties requested that their address to be the children's designated address, and both plans allowed for split time in the summer and an equal division of holidays.

The court rejected both parenting plans and entered one of its own. In support of its plan, the court considered the factors set forth in Section 452.375.[1] The court found that none of the factors favored either parent, with the exception of Factor 2, which favored Ms. King. The court's parenting plan provided the parties joint physical and legal custody with Ms. King's address listed as the children's address, and ordered the children to reside with Ms. King except for the times designated by the parenting plan. Mr. King was granted parenting time every Wednesday from 5:30 p.m. to Thursday morning and every other weekend from Friday at 5:30 p.m. to Monday at 8:00 a.m. The holidays and summers were divided evenly. Mr. King filed a timely motion to amend judgment and/or motion for a new trial. The motion was denied, and this appeal followed.

## Legal Analysis

■ Mr. King relies on two points: (1) the trial court misapplied the law when it "essentially" awarded Ms. King sole physical custody by prescribing a parenting plan that did not provide Mr. King with "frequent, continuing, and meaningful contact with the minor children"; and (2) the trial court's parenting plan was not supported by substantial or competent evidence and was against the weight of the evidence.

■ This Court must affirm the trial court's judgment, unless: "there is no sub-

stantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. 1976). "In assessing the sufficiency of evidence, we examine the evidence and its reasonable inferences in the light most favorable to the judgment, and we disregard all evidence and inferences to the contrary." *Cox v. Cox*, 504 S.W.3d 212, 216-17 (Mo. App. W.D. 2016).

■ Joint physical custody is defined as "significant, but not necessarily equal, periods of time during which a child resides with or is under the care and supervision of each of the parents." § 452.375.3. Joint physical custody assures that the child gets "frequent, continuing and meaningful contact with both parents." *Id.* "Equal time being spent with each parent is not required to find a joint physical custody arrangement." *Love v. Love*, 75 S.W.3d 747, 765 (Mo. App. W.D. 2002). Although courts may want to split time evenly, it is not always in the child's best interest to do so. *Id.*

Mr. King relies principally on the analysis provided in *Morgan v. Morgan*, 497 S.W.3d 359 (Mo. App. E.D. 2016). In *Morgan*, the court reviewed an appeal from the modification of the custody agreement and determined that the modification court had awarded the mother sole physical custody because the Father received only two overnights and one evening every two weeks. *Id.* at 370. The court ultimately held that two overnight visits every two weeks was not significant contact and, therefore, concluded that the custody agreement had been for sole physical custody and not joint. *Id.* at 370-71.

---

1. All statutory references are to R.S.Mo. 2000 (and com. supp. 2011) unless otherwise indicated.

The present case is unlike *Morgan* because Mr. King receives five overnight visits with his children every two weeks while the father in *Morgan* was receiving only two overnight visits every two weeks.[2] Mr. King's situation is more akin to *LaRocca v. LaRocca*, 135 S.W.3d 522 (Mo. App. E.D. 2004). In *LaRocca*, the mother appealed the trial court's designation of the father as the "primary physical custodian." *Id.* at 524-25. Mother argued that she had the children for six overnights every two weeks and had more time during the summer, and, was therefore, entitled to joint physical custody. *Id.* at 525. The court designated that parenting plan as joint custody "because the Wife was awarded care of the children for significant periods totaling approximately 43 percent of the time and a higher percentage of time in the summer." *Id.* at 526.

Mr. King's parenting time differs only slightly from the mother in *LaRocca*; in fact she received only one additional day with her children. It is also worth noting that the mother in *LaRocca* had her children less than 50 percent of the time and was still awarded joint custody. This Court finds that the trial court did not misapply Section 452.375 and further finds that the parenting plan provides for significant, frequent, continuous, and meaningful contact between Mr. King and his children.[3] Point one is denied.

▮ Mr. King's second point on appeal is that the court's parenting plan is not supported by substantial or competent evidence and the plan goes against the weight of the evidence.

▮ "We presume that the trial court considered all of the evidence," and this would include the alleged contrary evidence that Mr. King presents in his appeal. *Cox*, 504 S.W.3d at 220-21. This Court will not re-weigh evidence, even if the evidence could support another conclusion. *Id.* at 217. When making custody determinations, the court is required to consider the factors in sections 452.375.2, and 452.375.4, as well as the child's best interest.

The trial court reviewed all eight factors and determined that factor one and factors three through eight favored neither parent. The only factor that favored either parent was factor two. Ms. King testified that she was in charge of 85 percent of the child-rearing duties including cooking and laundry. The trial court found this persuasive and found this factor in her favor. After weighing all of the factors, the trial court designated Ms. King's address as the children's address for mailing and educational purposes. Mr. King alleges that the trial court's determination of factor two was based on history and further alleges that other testimony provided at trial

2. As explained in the text, *Morgan* is distinguishable because of the significantly greater parenting time awarded to Mr. King in this case. We also note that, in *Gammon v. Gammon*, No. WD79869, 529 S.W.3d 350, 2017 WL 4125695 (Mo. App. W.D. Sept. 19, 2017), this Court held that a schedule provided for "joint physical custody" where it gave a mother less parenting time than given to Mr. King in this case. In *Gammon*, the parenting plan gave mother four hours every Wednesday and parenting time every alternating weekend from Friday at 6:00 p.m. to Sunday at 6:00 p.m. *Id.* at 352-53, at *1. We specifically refused to follow *Morgan*, con-

cluding that it ignored significant Missouri case law holding that similar parenting plans afforded "joint physical custody," and that it "dangerously focuses merely on the number of overnights a parent has rather than the best arrangement for a child and the totality of parenting opportunities." *Id.* at 356 n.6, at *4 n.6.

3. Mr. King's initial parenting plan was nearly identical to the parenting plan adopted by the trial court, only reversed. Mr. King believed that his plan would appropriately be designated joint physical custody.

disproves it. Mr. King points to Ms. King's testimony admitting that Mr. King was responsible for getting the children to day-care four days of the week. Mr. King argued at trial that his recent change in employment would give him more time to spend with the children.

The trial court's factor analysis specifically mentions the changes to Mr. King's work schedule and acknowledges that he will likely have more time with the children. The court also mentions both parents' abilities to share time with the children during the pendency of this case. Mr. King seems to be asking this court to re-weigh the evidence that the trial court considered when analyzing the factors and ignore evidence in Ms. King's favor. This we cannot do. We cannot ignore the trial court's resolution of conflicting evidence, and we must defer to the court's ability to assess witness credibility. *Cox*, 504 S.W.3d at 221. Point two is denied.

### Conclusion

Based on sufficient evidence, the trial court properly considered and weighed all of the factors in Section 452.375. The judgment of the trial court is affirmed.

Alok Ahuja, P.J., and Cynthia Martin, J. concur.